Criminal Case Template




COURT OF APPEALS

EIGHTH DISTRICT OF TEXAS

EL PASO, TEXAS



MONTEREK DEMOND SHANNON
SR.,


 Appellant,


v.


THE STATE OF TEXAS,


 Appellee.

§


§


§


§


§

No. 08-02-00028-CR


Appeal from the


Criminal District Court No. 5


of Dallas County, Texas


(TC# F-0054540-L)


MEMORANDUM OPINION



 Monterek Demond Shannon was convicted of assault on a public servant and
possession with intent to deliver a controlled substance. For the assault, the court
assessed punishment at confinement for six years and a $1,500 fine. For possession with
intent to deliver a controlled substance, the court assessed punishment at confinement for
ten years and a $2,500 fine. The court also ordered that the sentences of confinement be
served consecutively. In this appeal, Shannon argues that the evidence is factually
insufficient to prove the assault. (1) We affirm.

Standard of Review

 A person commits assault if he intentionally, knowingly, or recklessly causes
bodily injury to another. Tex. Pen. Code Ann. § 22.01(a)(1) (Vernon Supp. 2003). The
assault is a third-degree felony if it is committed against someone the actor knows is a
public servant while the public servant is lawfully discharging an official duty. Id. §
22.01(b)(1). The State alleged that the assault occurred when Shannon bit a police officer
who was trying to apprehend him. Shannon argues on appeal that the evidence is
factually insufficient to establish that he bit the police officer. According to Shannon, the
evidence suggests that the officer's injury was accidental. We will consider this argument
using the following rules.

 When conducting a factual sufficiency review, we view all the evidence in a
neutral light, rather than in the light most favorable to the prosecution. Johnson v. State,
23 S.W.3d 1, 7 (Tex. Crim. App. 2000); Clewis v. State, 922 S.W.2d 126, 134 (Tex. Crim.
App. 1996); Nunez v. State, 27 S.W.3d 210, 218 (Tex. App.--El Paso 2000, no pet.). We
review the evidence weighed by the jury that tends to prove the existence of the elemental
fact in dispute and compare it with the evidence that tends to disprove that fact. Johnson,
23 S.W.3d at 7; Nunez, 27 S.W.3d at 218. We must reverse if the proof of guilt is so
obviously weak as to undermine confidence in the jury's determination, or if the proof of
guilt, although adequate standing alone, is greatly outweighed by contrary proof. 
Johnson, 23 S.W.3d at 11. Although we are authorized to disagree with the jury's
determination, we must nevertheless employ appropriate, but not absolute, deference to
prevent substituting our judgment for that of the jury. Id. at 7-9; Nunez, 27 S.W.3d at
218. "The authority . . . to disagree with the fact finder's determination is appropriate
only when the record clearly indicates such a step is necessary to arrest the occurrence of
a manifest injustice." Johnson, 23 S.W.3d at 9.

Factual Summary

 Dallas Police Officer Nathanial Chapman testified on direct examination that
Shannon slipped and started to fall as he was running from Chapman and other officers. 
When Shannon slipped, Chapman "tackled" him to the ground. When they landed,
Shannon was face down on the ground with his hands underneath him, and Chapman was
on Shannon's back with one of his arms underneath Shannon. Shannon had a plastic bag
in one hand. As the two struggled, Chapman could feel Shannon attempting to put the
plastic bag near his mouth. Chapman believed that the bag contained cocaine and that
Shannon was trying to swallow it. He tried to stop Shannon from putting the bag in his
mouth and attempted to pull his hands back to cuff them. Just then, Chapman "felt
something clamp down on [his] arm." Chapman also testified that he "felt his bite" and
that the bite drew blood. He immediately told the other officers that he had been bitten. 
After Shannon was placed under arrest, Chapman went to the hospital, where he was
"treated for a human bite."


 On cross-examination, defense counsel questioned Chapman about some
photographs of his injury. The following colloquy occurred:

 Q: [T]hese pictures show that it was a cut, not a bite, don't they?


 A: I don't know what they show. I know I got bit.


 Q: You don't see two teeth marks, you see cuts, don't you?


 A: I see lacerations yes.


 Q: Not bite marks, but laceration[s], correct, true?


 A: They don't look like a normal bite mark with . . . teeth, no.


Chapman also conceded that his injury "could have" occurred when his arm glanced over
Shannon's teeth as they struggled, and that it therefore "could have" been accidental.

 Two of the other officers who were involved in Shannon's arrest testified. Neither
of them saw Shannon bite Chapman. These officers testified that Shannon has gold teeth
or gold braces. One of the officers testified that Shannon's teeth look sharp.

 Chapman's medical records list the diagnosis of his injury as an "abrasion," "two
small abrasions," and as a "very superficial" abrasion. But one record lists the diagnosis
as "Bite human open." Another record refers to the injury as "abrasion L forearm 2
human bite."

Discussion

 Shannon argues that the evidence is factually insufficient to establish that he bit
Chapman because the other officers did not see the bite, Chapman conceded that it could
have been an accident, and the medical records sometimes refer to Chapman's injury as
an abrasion. Having reviewed the entire record, however, we conclude that the evidence
is factually sufficient. Chapman testified that he "felt something clamp down" on him,
that he "kn[e]w [he] got bit," that the injury drew blood, and that he immediately stated
that he had been bitten. While the medical records sometimes refer to Chapman's injury
as an abrasion, they also refer to it as a bite and one record suggests that the bite caused
the abrasion. This evidence that Shannon bit Chapman is not so obviously weak as to
undermine confidence in the jury's determination, nor is it greatly outweighed by the
contrary evidence. See Johnson, 23 S.W.3d at 11. The jury's verdict does not amount to
a manifest injustice. See id. at 9.

Conclusion

 The judgment of the trial court is affirmed.


 SUSAN LARSEN, Justice

February 20, 2003


Before Panel No. 4

Barajas, C.J., Larsen, and McClure, JJ.


(Do Not Publish)

1. In a companion case, Shannon challenges his sentence for possession with intent to
deliver a controlled substance and the court's decision to "stack" the sentences for the two
offenses. See Shannon v. State, No. 08-02-00027-CR (Tex. App.--El Paso February 20, 2003, no
pet. h.) (not designated for publication).